IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BILLY J. CARTER, BARBARA MEADOWS,<br><br>Plaintiffs,<br><br>v.<br><br>SLM CORPORATION d/b/a SALLIE MAE BANK<br><br>Defendant. | Case No. 4:19-00678-CV-RK |

## ORDER

Before the Court is Defendant Sallie Mae Bank[1] ("SMB")'s motion to compel arbitration and to dismiss Plaintiffs' complaint. (Doc. 9.) The motion is now fully briefed. (Docs. 9, 12, 13, 16.) After careful consideration, Defendant's motion to compel arbitration and to dismiss is **GRANTED in part and DENIED in part.** In particular, the Court **ORDERS** the parties to submit this matter to arbitration. Further, the case is **STAYED** pending completion of arbitration. However, Defendant's request for fees and costs is **DENIED**.

While Defendant originally requested the Court to dismiss Plaintiffs' claims, the parties now agree the case is subject to arbitration and that the case should be stayed. (Docs. 12, 13.) The only remaining issue now is that SMB has asked the Court to award fees for the costs it incurred in briefing the Motion to Compel and Dismiss. (Doc. 13.) The Court notes this request was not made in the original motion, but only in the reply.

Defendant asserts it has a right to attorney fees pursuant to 28 U.S.C. § 1927. "28 U.S.C. § 1927 permits courts to impose monetary sanctions on an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously.'" *SPV-LS, LLC v. Transamerical Life Ins. Co.*, 912 F.3d 1106, 1113 (8th Cir. 2019). "Courts should construe § 1927 strictly and impose sanctions only 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Id.* (citing *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)). After a review of the record, the Court does not find Plaintiffs acted with such intentional or reckless disregard. Further, Plaintiffs have stated specific, legitimate reasons

---

[1] SMB was improperly named in the Complaint as SLM Corporation d/b/a Sallie Mae.

for their actions. (Doc. 16.) Finally, to any extent Plaintiffs' actions multiplied the proceedings, such effect has been relatively minor. Thus, Defendant is not entitled to fees or costs related to its motion to compel arbitration and dismiss Plaintiffs' complaint.

Accordingly, and after careful consideration, Defendant's motion to compel arbitration and to dismiss is **GRANTED in part and DENIED in part.** In particular, the Court **ORDERS** as follows:

1. The parties to submit this matter to arbitration.
2. The case is **STAYED** pending completion of arbitration.
3. The parties are to provide a status report to the Court every 90 days.
4. Defendant's request for fees and costs is **DENIED**.

IT IS SO ORDERED.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 30, 2019